UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **DEVIN DREWERY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **GARDAWORLD SECURITY SERVICES MANAGEMENT COMPANY, INC.,** | ) Case No. 1:24-cv-02209-TWP-KMB |
| | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, GardaWorld Security Services Management Company, Inc. ("GSSMC"), by counsel, answers Plaintiff's Complaint and Jury Demand ("Complaint") as follows:

### Admissions and Denials

1. Plaintiff is a former employee of GardaWorld who resides in Marion County, Indiana.

**ANSWER:** GSSMC denies it ever employed Plaintiff. GSSMC further states that Plaintiff was employed by an entirely different subsidiary (Best Crowd Management, Inc. f/k/a Whelan Event Staffing Services, Inc.) of their common parent company. GSSMC is without information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's current residence. GSSMC denies any remaining allegation in Paragraph 1.

2. Defendant GardaWorld is Missouri corporation located at 1699 South Hanley Road, Suite 350, Saint Louis MO 63144 and whose registered agent in CT Corporation, 334 North Senate Ave. Indianapolis IN 46204.

**ANSWER:** GSSMC admits the allegation in Paragraph 2.

3. Plaintiff Devin Drewery brings this action against Defendant GardaWorld under 28 [*sic*] U.S.C. § 1981 for race discrimination, retaliation, hostile environment and wrongful termination, and under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., for failure to pay overtime. Plaintiff asserts that Defendant engaged in unlawful conduct by misclassifying

Plaintiff as an overtime-exempt employee, retaliating against him for complaints about improper pay, and racial discrimination, and terminating him in violation of federal and state law.

**ANSWER:** GSSMC admits that Plaintiff is likely attempting to assert claims under 42 U.S.C. § 1981 (not 28 U.S.C. § 1981, a statute that does not exist) and the FLSA. GSSMC denies that it ever employed Plaintiff, denies any violation of law, and denies any remaining allegation in Paragraph 3.

4. Plaintiff was employed by Defendant as a manager at the Indiana Convention Center from April of 2022 to November 6, 2024.

**ANSWER:** GSSMC denies that it ever employed Plaintiff and denies the allegation in Paragraph 4. GSSMC further states that Plaintiff was formerly employed by Best Crowd Management, Inc. f/k/a Whelan Event Staffing Services, Inc. (an entirely different subsidiary of their common parent company) as a manager and assigned to the Indiana Convention Center from late April, 2022, to November 6, 2024.

5. Plaintiff was classified as an "exempt" employee and was not paid overtime for hours worked beyond 40 hours per week. However, Plaintiff's job duties and responsibilities did not meet the legal criteria for an overtime-exempt position under the Fair Labor Standards Act (FLSA).

**ANSWER:** GSSMC denies that it ever employed Plaintiff and thus denies the allegations in Paragraph 5. GSSMC further states that Plaintiff was formerly employed by Best Crowd Management, Inc. f/k/a Whelan Event Staffing Services, Inc. as a manager appropriately classified as exempt from overtime pay.

6. Despite Plaintiff working in excess of 40 hours per week, Defendant failed to compensate Plaintiff for overtime hours worked.

**ANSWER:** GSSMC denies that it ever employed Plaintiff and thus denies the allegations in Paragraph 6.

7. Throughout Plaintiff's employment, he was subjected to racially discriminatory treatment by his coworkers and superiors, including derogatory racial slurs, hostile comments

about his race, a hostile work environment, and unequal treatment compared to his non-Black colleagues.

**ANSWER:** GSSMC denies that it ever employed Plaintiff and denies the remaining allegations in Paragraph 7.

8. Specifically, Plaintiff reported instances of racial slurs and inappropriate comments made by fellow employees and management, which were either ignored or inadequately addressed by Defendant.

**ANSWER:** GSSMC denies that it ever employed Plaintiff and denies the remaining allegations in Paragraph 8.

9. Plaintiff's complaints regarding the racial discrimination were made verbally and in writing to human resources and management, but Defendant took no corrective action.

**ANSWER:** GSSMC denies that it ever employed Plaintiff and denies the remaining allegations in Paragraph 9.

10. Plaintiff's complaints about race discrimination led to retaliatory actions by Defendant. After filing complaints about racial discrimination, Plaintiff was subjected to increased scrutiny, unfair disciplinary actions, a hostile work environment, and adverse changes to his working conditions.

**ANSWER:** GSSMC denies that it ever employed Plaintiff and denies the remaining allegations in Paragraph 10.

11. On November 6, 2024, Plaintiff was wrongfully terminated from his position. The stated reason for Plaintiff's termination was that Plaintiff had quit, which was false. However, this reason was a pretext, as the true reason for Plaintiff's termination was his complaints about race discrimination, and regarding pay. which Defendant acted to suppress.

**ANSWER:** GSSMC denies that it ever employed Plaintiff and denies the remaining allegations in Paragraph 11.

12. Plaintiff's termination was directly related to his race and his protected activities under Title VII and 28 [*sic*] U.S.C. § 1981 and was in retaliation for his complaints about race discrimination and the failure to pay overtime.

**ANSWER:** GSSMC denies that it ever employed Plaintiff and denies the remaining allegations in Paragraph 12.

13. Plaintiff incorporates by reference all preceding paragraphs.

**ANSWER:** GSSMC incorporates by reference its responses to all preceding paragraphs.

14. Plaintiff is a member of a protected class (Black) under 28 [*sic*] U.S.C. § 1981.

**ANSWER:** On information and belief, GSSMC admits that Plaintiff is black. GSSMC denies the remaining allegation in Paragraph 14, as the cited statute does not exist.

15. Defendant's actions, including subjecting Plaintiff to racial slurs, a hostile work environment, and discriminatory treatment, constitute unlawful race discrimination under 28 [*sic*] U.S.C. § 1981.

**ANSWER:** GSSMC denies the allegations in Paragraph 15.

16. Defendant's discriminatory actions were willful and done with the intent to discriminate against Plaintiff based on his race.

**ANSWER:** GSSMC denies the allegation in Paragraph 16.

17. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including emotional distress, economic loss, and reputational harm.

**ANSWER:** GSSMC denies the allegation in Paragraph 17.

18. Plaintiff incorporates by reference all preceding paragraphs.

**ANSWER:** GSSMC incorporates by reference its responses to all preceding paragraphs.

19. Plaintiff engaged in protected activity by complaining about race discrimination to management and human resources.

**ANSWER:** GSSMC denies the allegation in Paragraph 19.

20. Defendant retaliated against Plaintiff for engaging in such protected activity by subjecting him to adverse employment actions, including wrongful termination.

**ANSWER:** GSSMC denies the allegation in Paragraph 20.

21. Defendant's retaliatory actions were willful and intended to punish Plaintiff for asserting his rights.

**ANSWER:** GSSMC denies the allegation in Paragraph 21.

22. As a result of Defendant's retaliation, Plaintiff has suffered damages, including loss of employment, loss of income, emotional distress, and reputational harm.

**ANSWER:**  GSSMC denies the allegation in Paragraph 22.

23. Plaintiff incorporates by reference all preceding paragraphs.

**ANSWER:**  GSSMC incorporates by reference its responses to all preceding paragraphs.

24. Plaintiff's termination was based on race and retaliation for his complaints about discrimination.

**ANSWER:**  GSSMC denies the allegation in Paragraph 24.

25. Defendant's termination of Plaintiff was unlawful and in violation of Plaintiff's rights under 28 [*sic*] U.S.C. § 1981.

**ANSWER:**  GSSMC denies the allegation in Paragraph 25.

26. As a result of wrongful termination, Plaintiff has suffered economic and emotional damages.

**ANSWER:**  GSSMC denies the allegation in Paragraph 26.

27. Plaintiff incorporates by reference all preceding paragraphs.

**ANSWER:**  GSSMC incorporates by reference its responses to all preceding paragraphs.

28. Defendant misclassified Plaintiff as an exempt employee and failed to compensate Plaintiff for overtime hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**ANSWER:**  GSSMC denies the allegation in Paragraph 28.

29. Plaintiff regularly worked more than 40 hours per week, but Defendant failed to pay him time-and-a-half for overtime hours worked.

**ANSWER:**  GSSMC denies that it ever employed Plaintiff and thus denies the allegations in Paragraph 29.

30. As a result of Defendant's failure to pay overtime, Plaintiff has suffered economic damages in the form of unpaid overtime wages.

**ANSWER:**  GSSMC denies the allegation in Paragraph 30.

## Additional Defenses

1. GSSMC never employed Plaintiff.

2. All actions taken with respect to Plaintiff by his actual employer were taken for legitimate, non-discriminatory and non-retaliatory reasons.

3. Plaintiff's actual employer acted in good faith with respect to Plaintiff and with reasonable belief that its actions did not violate any law.

4. Plaintiff cannot satisfy that "but for" causation standard applicable to claims under 42 U.S.C. § 1981.

5. To the extent any of Plaintiff's claims were not filed within an application limitations period, they are barred.

6. Plaintiff's actual employer exercised reasonable care to prevent and correct discriminatory and/or harassing behavior and cannot be liable to the extent Plaintiff unreasonably failed to take advantage of those preventative and corrective opportunities.

7. Plaintiff's actual employer may not be held liable for punitive damages to the extent any managerial agent allegedly made employment decisions or took actions with respect to Plaintiff contrary to IWU' s good faith efforts to comply with the law.

8. The Complaint fails to state one or more claims upon which relief can be granted.

9. To the extent Plaintiff has failed to mitigate alleged economic damages, his claims are limited or cut off.

10. Plaintiff's alleged economic damages are subject to offset by income received from other sources.

11. Plaintiff's actual employer may not be held liable for punitive damages to the extent any managerial agent allegedly made employment decisions or took actions with respect to Plaintiff contrary to the employer's good faith efforts to comply with the law.

12. Plaintiff was appropriately classified by his actual employer as an executive and/or administrative employee exempt from overtime under the FLSA.

QB\93818522.1

13. If an alleged failure of Plaintiff's employer to pay Plaintiff was unlawful, although such is not admitted, none of the actual employer's alleged actions or omissions constitutes a willful violation of the FLSA.

14. Because the Complaint is pled in conclusory terms, GSSMC cannot fully anticipate all affirmative and additional defenses that may be applicable to this action and, therefore, reserves the right to assert all additional affirmative and other defenses that may become applicable based on information learned during discovery or for other appropriate reasons.

WHEREFORE, Defendant prays that Plaintiff takes nothing by the Complaint, that the Court enter judgment in favor of Defendant and against the Plaintiff for the cost of defense, including Defendant's attorneys' fees, and all other just and proper relief.

Respectfully submitted,

**QUARLES & BRADY LLP**

*/s/ Edward E. Hollis*
Edward E. Hollis (#19402-49)
135 N. Pennsylvania Street, Ste 2400
Indianapolis, IN 46204
Tel: 317-957-5000
Fax: 317-957-5010
Edward.hollis@quarles.com

*Attorneys for Defendant, GardaWorld Security Services Management Company, Inc.*

QB\93818522.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, a copy of the foregoing *Defendant's Answer to Plaintiff's Complaint* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the CM/ECF system.

Mark R. Waterfill
Attorney at Law
6425 E. Co. Rd. 600 S.
Plainfield IN 46168
mark@waterfilllaw.com

                                          */s/ Edward E. Hollis*
                                          Edward E. Hollis

QUARLES & BRADY LLP
135 N. Pennsylvania Street
Suite 2400
Indianapolis, IN 46204
Tel: 317-957-5000
Fax: 317-957-5010
Edward.hollis@quarles.com